UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN VILLAR-SANCHEZ )
 )
 Petitioner, )
 )
v. ) Civil Action No. 04-11811-NMG
 )
JOSEPH MCDONOUGH )
 )
 Respondent. )

**MEMORANDUM OF THE RESPONDENT
IN SUPPORT OF MOTION TO DISMISS**

The respondent submits this Memorandum in support of his motion to dismiss the above-captioned petition for writ of habeas corpus filed by Juan Villar-Sanchez, the petitioner, for failure to exhaust state remedies as required by 28 U.S.C. § 2254 (b)(1)(A). The petitioner asserts in his Petition that he did not appeal from his conviction on drug trafficking charges. (Petition, p. 2, ¶ 8 ). As such he is precluded from obtaining habeas corpus relief until the state's highest courts have ruled on his claims. The petitioner's appeal is currently pending in the Massachusetts Appeals Court and his premature petition should be dismissed. (See Criminal Docket herein attached.)

**ARGUMENT**

**THE PETITION SHOULD BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United*

2

*States ex rel. Kennedy v. Tyler*, 269 U. S. 13, 17 (1925). *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982); *Picard v. Connor*, 404 U. S. 270, 276 (1971); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U. S. at 518. *See Duncan v. Henry*, 513 U. S. 364, 365-366 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U. S. 1129 (1995); *Duckworth v. Serrano*, 454 U. S. 1, 3 (1984); *Mele v. Fitchburg District Court*, 850 F.2d at 819. *See also Ex parte Royall*, 117 U. S. 241, 251 (1886) (state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

A claim in state court may include an inkling of a federal claim, but not one "likely to alert the court to the claim's federal nature." *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989), *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2d Cir. 1982) (en banc), *cert. denied*, 464 U. S. 1048 (1984). *See Scarpa v. DuBois*, 38 F.3d at 6. It is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U. S. 4, 6 (1982); *Picard v. Connor*, 404 U. S. at 276-277. *See Duncan v. Henry*, 513 U. S. at 366. Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick."

3

*Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). In order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with:

> specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, . . . such as would in all likelihood alert a reasonable jurist to the existence of the federal question.

*Nadworny v. Fair*, 872 F.2d at 1101. It is the petitioner's heavy burden to demonstrate that his now claimed federal errors were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d. at 1098.

Failure to exhaust state remedies is a fundamental defect fatal to a habeas corpus petition. "[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U. S. at 275, *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950).

An "issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners" of the application for leave to obtain further appellate review (ALOFAR). *Mele v. Fitchburg District Court*, 850 F.2d at 823. Because petitioner's ALOFAR did not fairly present all the federal claims he now raises, his petition should be dismissed. *Id. See Rose v. Lundy*, 455 U. S. at 518-519.

4

In the petition at bar the petitioner concedes that he has not afforded the state's highest court the opportunity to decide his federal constitutional claims. (Petition, p.2, ¶ 8. His appeal is still pending in the state courts and the record indicates that it was entered in the Massachusetts Appeals Court on September 10, 2004. (See attached Criminal Docket, p.8). The petition is clearly premature with unexhausted claims and should be dismissed.

## CONCLUSION

For the above-stated reason, the motion to dismiss should be allowed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon the petitioner at the address below by first class mail, postage pre-paid, on September 15, 2004.

Juan Villar-Sanchez, pro se
Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

*/s/ Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General

# Commonwealth of Massachusetts
# ESSEX SUPERIOR COURT
# Case Summary
# Criminal Docket

## Commonwealth v Villar-Sanchez, Juan Emilio

Details for Docket: ESCR2000-00463

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | ESCR2000-00463 | **Caption:** | Commonwealth v Villar-Sanchez, Juan Emilio |
| **Entry Date:** | 03/08/2000 | **Case Status:** | CtRm 1 (Salem) |
| **Status Date:** | 09/13/2004 | **Session:** | Disposed: Entered in Appeals Court |
| **Lead Case:** | NA | **Deadline Status:** | |
| **Trial Deadline:** | | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: ESCR2000-00463

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Villar-Sanchez | **Role:** | Defendant |
| **Address:** | | **First Name:** | Juan Emilio |
| **City:** | | **Address:** | |
| **Zip Code:** | | **State:** | |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Commonwealth | **Role:** | Plaintiff |
| **Address:** | | **First Name:** | |
| **City:** | | **Address:** | |
| **Zip Code:** | | **State:** | |
| **Telephone:** | | **Zip Ext:** | |

**Party Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Sabino | **Role:** | Witness |
| | | **First Name:** | Herman Reyes |

| | | | |
|---|---|---|---|
| **Address:** | Shirley Medium MCI | **Address:** | |
| **City:** | Shirley | **State:** | MA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

5 Attorneys Involved for Docket: ESCR2000-00463

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MA150 |
| **Last Name:** | McGuire | **First Name:** | Lawrence J |
| **Address:** | 1 Salem Green | **Address:** | Suite 408 |
| **City:** | Salem | **State:** | MA |
| **Zip Code:** | 01970 | **Zip Ext:** | 3724 |
| **Telephone:** | 978-744-9113 | **Tel Ext:** | |
| **Fascimile:** | 978-741-8567 | **Representing:** | Villar-Sanchez, Juan Emilio (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | ESSE02 |
| **Last Name:** | Apruzzese | **First Name:** | John V |
| **Address:** | 1 East India Square | **Address:** | Museum Place |
| **City:** | Salem | **State:** | MA |
| **Zip Code:** | 01970 | **Zip Ext:** | |
| **Telephone:** | 978-745-6610 | **Tel Ext:** | 117 |
| **Fascimile:** | 978-741-4971 | **Representing:** | |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Stephenson | **First Name:** | Charles K |
| **Address:** | PO Box 266 | **Address:** | |
| **City:** | South Hadley | **State:** | MA |
| **Zip Code:** | 01075 | **Zip Ext:** | |
| **Telephone:** | 413-467-7227 | **Tel Ext:** | |
| **Fascimile:** | 413-467-9364 | **Representing:** | Villar-Sanchez, Juan Emilio (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | FISE01 |

| | | | | |
|---|---|---|---|---|
| **Last Name:** | Ranta | **First Name:** | Ronald J | |
| **Address:** | 100 Cummings Center | **Address:** | Suite 221B | |
| **City:** | Beverly | **State:** | MA | |
| **Zip Code:** | 01915 | **Zip Ext:** | | |
| **Telephone:** | 978-927-8766 | **Tel Ext:** | | |
| **Fascimile:** | 978-927-7082 | **Representing:** | Villar-Sanchez, Juan Emilio (Defendant) | |

| | | | | |
|---|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MA130 | |
| **Last Name:** | Onek | **First Name:** | Peter M | |
| **Address:** | 44 Bromfield Street | **Address:** | Suite 310-A | |
| **City:** | Boston | **State:** | MA | |
| **Zip Code:** | 02108 | **Zip Ext:** | | |
| **Telephone:** | 617-482-6212 | **Tel Ext:** | | |
| **Fascimile:** | 617-988-8495 | **Representing:** | Villar-Sanchez, Juan Emilio (Defendant) | |

# Calendar Events

22 Calendar Events for Docket: ESCR2000-00463

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 11/20/2000 | 09:00 | Hearing: Evidentiary-dismiss | 1 | Event held as scheduled |
| 2 | 12/22/2000 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 3 | 02/26/2001 | 09:00 | TRIAL: by jury | 1 | Event not held--scheduled for another date |
| 4 | 04/05/2001 | 09:00 | TRIAL: by jury | 1 | Event not held--scheduled for another date |
| 5 | 05/07/2001 | 09:00 | TRIAL: by jury | 1 | Event not held--scheduled for another date |
| 6 | 05/07/2001 | 09:00 | Status: Review by Session | T1 | Event held as scheduled |
| 7 | 05/08/2001 | 09:00 | Hearing: Appt Counsel | 1 | Event held as scheduled |
| 8 | 05/30/2001 | 09:00 | Status: Review by Session | 1 | Event held as scheduled |
| 9 | 06/21/2001 | 09:00 | Hearing: Evidentiary-affidavit | 1 | Event not held--scheduled for another date |
| 10 | 07/26/2001 | 09:00 | Hearing: Compliance | 1 | Event not held--scheduled for another date |
| 11 | 08/08/2001 | 09:00 | Hearing: Compliance | 1 | Event held as scheduled |
| 12 | 10/01/2001 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event not held--scheduled for another date |

| 13 | 11/08/2001 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event not held--scheduled for another date |
| 14 | 11/09/2001 | 09:00 | Hearing: Evidentiary-suppression | T1 | Event not held--scheduled for another date |
| 15 | 12/21/2001 | 09:00 | Hearing: Misc Matters | 1 | Event held as scheduled |
| 16 | 12/21/2001 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event not held--joint request |
| 17 | 02/01/2002 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event not reached by Court |
| 18 | 02/14/2002 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 19 | 03/08/2002 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event held--under advisement |
| 20 | 04/02/2002 | 09:00 | TRIAL: by jury | 1 | Event continues over multiple day |
| 21 | 04/03/2002 | 09:00 | TRIAL: by jury | 1 | Event continues over multiple day |
| 22 | 04/04/2002 | 09:00 | TRIAL: by jury | 1 | Trial ends |

## Full Docket Entries

184 Docket Entries for Docket: ESCR2000-00463

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 03/08/2000 | 12 | Original case info: ORIGIN=I. |
| 04/25/2000 | | RE Offense 1:Plea of not guilty |
| 04/25/2000 | | RE Offense 2:Plea of not guilty |
| 04/25/2000 | | RE Offense 3:Plea of not guilty |
| 04/25/2000 | | RE Offense 4:Plea of not guilty |
| 09/16/2000 | | Stat at cnvrsn to cmputr 09/16/2000. |
| 09/16/2000 | | (see docket book for previous docket entries). |
| 10/11/2000 | | Continued until 11/20/2000 for Motion to Dismiss Rup,j> |
| 10/11/2000 | | Green, Court Stenographer |
| 11/20/2000 | | Motion hearing held: taken under advisement( Borensrein, J.) |
| 11/20/2000 | | Continued until December 12, 2000 for status. Borenstein, J/K. |
| 11/20/2000 | | Gordon, Steno. |
| 12/22/2000 | | Continued until 02/26/2001 for Trial. Merrick, J., Presiding; A. |
| 12/22/2000 | | Green, Court Reporter |
| 02/26/2001 | | Continued until April 05, 2001 for Trial. Whitehead J. Presiding, K. |
| 02/26/2001 | | Hezekiah, Court Reporter. |
| 04/05/2001 | | Continued until May 07, 2001for Trial. Borenstein, J. presiding, A. |
| 04/05/2001 | | Green, Court Reporter. |
| 05/07/2001 | | Oral Motion to Withdrawal appearance Ronald J Ranta, Esq.: ALLOWED |
| 05/07/2001 | | Continued until May 08, 2001 in the First Session For Appointment of |

| Date | No. | Description |
|---|---|---|
| 05/07/2001 | | New Counsel. Trial to be Retained by Judge Kottmeyer at Lawrence. |
| 05/08/2001 | | Committee for Public Counsel Services appointed |
| 05/08/2001 | | Appearance of Deft's Atty: Lawrence J McGuire |
| 05/08/2001 | 13 | Motion by Deft: For Funds For Interpreter: FILED AFTER HEARING AND ALLOWED |
| 05/08/2001 | 14 | Motion by Deft: For Funds For Investigator: FILED AFTER HEARING AND ALLOWED. |
| 05/14/2001 | 15 | Motion by Commonwealth: To Join Related Indictments: FILED |
| 05/14/2001 | 16 | Motion by Deft: In Limine To Exclude Any Reference To Evidence of Booking Questions: FILED |
| 05/14/2001 | 17 | Motion by Deft: In Limine To Exclude Opinion As To Guilt of Defendant: FILED |
| 05/14/2001 | 18 | Motion by Deft: In Limine To exclude Any Reference To The Defendant's Assertion Of Any Rights: FILED |
| 05/14/2001 | 19 | Motion by Deft: In Limine RE: Exclusion of Boric Acid: FILED |
| 05/14/2001 | 20 | Motion by Deft: In Limine To Exclude Evidence of Prior Convictions: FILED |
| 05/14/2001 | 21 | Motion by Deft: To Propound Questions To Prospective Jurors Individually: FILED |
| 05/14/2001 | 22 | Motion by Deft: For Relief From Prejudicial Joinder: FILED |
| 05/14/2001 | 23 | Motion by Deft: In Limine To Exclude Any Reference To Any Prior Bad Acts Of The Defendant: FILED. |
| 05/14/2001 | 24 | Motion by Deft: In Limine For Voir Dire Of Proposed Expert Testimony: FILED |
| 05/30/2001 | 25 | Motion by Deft: for Funds for Investigator Filed In Court and ALLOWED. Agnes, J Presiding. |
| 06/21/2001 | 26 | Motion for Discovery Filed |
| 06/21/2001 | 27 | Motion to Suppress Identification Filed |
| 06/21/2001 | 28 | Motion to Suppress Physical Evidence and Memorandum Support Thereof Filed |
| 12/03/2001 | 29 | Memorandum of Decision & Order On Deft's Motion to Dismiss. DENIED. Hon. Isaac Borenstein, Justice of the Superior Court, Dated 12/3/2001 |
| 12/21/2001 | | Oral Motion for a Bail Reduction DENIED (Merrick, J>) |
| 02/14/2002 | | General correspondence regarding: Oral Bail Argument on bail, bail to remain the same. (Merrick, J.) |
| 03/08/2002 | | Hearing on Motion to Suppress taken under advisement. Gants J. Presiding, C. Fredericks, Court reporter. |
| 03/08/2002 | 30 | Deft files Memorandum in Support of Motion to Suppress Identification. FILED |
| 03/08/2002 | 31 | Deft files Affidavit. (In Court). |
| 03/08/2002 | 32 | Commonwealth files Memorandum in Opposition to Deft's Motion To |

| Date | No. | Description |
|---|---|---|
| 03/08/2002 | 32 | Suppress. (In Court) |
| 03/11/2002 | 33 | Defendant's motion to Suppress Identification & Fruits of the |
| 03/11/2002 | 33 | Search. DENIED. SEE ORDER, Gants, J |
| 03/13/2002 | 34 | Motion for Habaes Corpus Allowed (Gants, J.) |
| 03/26/2002 | 35 | Certificate of delivery of transcript by Craig A Fredericks,Vol 1 - |
| 03/26/2002 | 35 | Pages 1 - 108, Motion to Suppress, FILED. (Oral Request made in |
| 03/26/2002 | 35 | Court for Transcript). Copies to J. Abruzzese & L. McGuire. |
| 03/28/2002 | 36 | Defendant's motion for Application for Issuance and Service of |
| 03/28/2002 | 36 | Indigent Summons. ALLOWED. Ralph D. Gants, J. |
| 03/28/2002 | 37 | Summons issued |
| 04/02/2002 |  | Case called to Trial On Ind#-0463 & # 0464 ONLY. Jury Impaneled & |
| 04/02/2002 |  | Sworn . Trial Begins |
| 04/02/2002 | 38 | Deft files List of Witnesses and Commonwealth's Potential Witnesses. |
| 04/02/2002 | 38 | FILED in Court |
| 04/02/2002 | 39 | Commonwealth files List of Potential Witnesses. FILED in Court. |
| 04/02/2002 | 40 | Motion by Deft: in Limine to Exclude Characterization of "El Marisco" |
| 04/02/2002 | 40 | Restaurant filed & after hearing. ALLOWED. Agnes J. Presiding. |
| 04/02/2002 | 41 | Motion by Deft: in Limine to Exclude Uncharged Missconduct. FILED & |
| 04/02/2002 | 41 | after hearing, DENIED, Agnes J. Presiding. |
| 04/02/2002 | 42 | Motion by Deft: for a View & After hearing. DENIED. Agnes, J. |
| 04/02/2002 | 42 | Presiding. |
| 04/02/2002 | 43 | Motion by Deft: in Limine Concerning Drug Analysis Filed & ALLOWED as |
| 04/02/2002 | 43 | to "Defendant or Suspect" & DENIED as to Ch 22c, Sect 39. Agnes, J. |
| 04/02/2002 | 43 | Presiding |
| 04/02/2002 | 44 | Motion by Deft: in Limine Concerning Issuance of Search Warrant & |
| 04/02/2002 | 44 | After Hearing, ALLOWED. Agnes, J. Presiding. |
| 04/02/2002 | 45 | Motion by Deft: for Sequestration of Witnesses FILED & ALLOWED. Agnes |
| 04/02/2002 | 45 | J. Presiding. |
| 04/02/2002 | 46 | Motion by Deft: to Be Free of Handcuffs & Shackles. FILED & ALLOWED. |
| 04/02/2002 | 46 | Agnes, J. Presiding. |
| 04/02/2002 | 47 | Motion by Deft: for Voir Dire of Proposed Expert Witness. Allowed in |
| 04/02/2002 | 47 | Part & Denied in Part for Reasons Stated on the Record. Agnes J. |
| 04/02/2002 | 47 | Presiding. |
| 04/02/2002 | 48 | Motion by Deft: to Propound Questions to Prospective Jurors, Allowed |
| 04/02/2002 | 48 | in Part & Denied in Part for Reasons stated on the Record. Agnes J. |
| 04/02/2002 | 48 | Presiding. |
| 04/02/2002 | 37 | Memo of Trial filed |
| 04/03/2002 |  | Jury Trial Continues |
| 04/03/2002 | 49 | Deft files Request for Jury Instructions. Filed in Court. |
| 04/03/2002 | 50 | Commonwealth files Request for Jury Instructions Filed in Court. |
| 04/03/2002 | 51 | Motion by Deft: for Required Finding of Not Guilty at the Close of |

| Date | # | Entry |
|---|---|---|
| 04/03/2002 | 51 | the Commonwealth's Case. After Hearing, DENIED. Agnes, J. Presiding |
| 04/04/2002 | 52 | Deft files Supplemental Request for Jury Instructions. Filed in |
| 04/04/2002 | 52 | Court. Agnes J. Presiding. |
| 04/04/2002 | 53 | Motion by Deft: for Required Finding of not Guilty at the Close of |
| 04/04/2002 | 53 | all the Evidence. Filed & After hearing DENIED. Agnes, J. Presiding. |
| 04/04/2002 |  | Trial Ends & Deliberations Begin. |
| 04/04/2002 | 54 | RE: offense # 1: Guilty Verdict (2000-463) |
| 04/04/2002 | 55 | RE: offense # 2: Guilty Verdict (2000-464) |
| 04/04/2002 | 56 | ORDERED remanded to the custody of the Essex Correctional Facility |
| 04/04/2002 | 56 | (Middleton) Until Friday, April 5, 2002, at 9:00 AM in Salem |
| 04/04/2002 | 56 | Superior Court for Sentencing. |
| 04/05/2002 |  | RE Offense 3:Nolle prosequi |
| 04/05/2002 |  | RE Offense 4:Nolle prosequi |
| 04/05/2002 | 57 | Motion by Deft: for Additional Funds for Investigator. Filed & After |
| 04/05/2002 | 57 | Hearing Allowed. Agney, J. Presiding. |
| 04/05/2002 | 58 | Motion by Deft: for Required Finding of Not Guilty or in the |
| 04/05/2002 | 58 | Alternative a New Trial. Filed in Court |
| 04/05/2002 | 59 | Defendant sentenced to 10 (Ten) Years - 10 (Ten) Years - 1 (one) Day |
| 04/05/2002 | 59 | RE; 2000-464: Cedar Junction Committed. Peter Agnes,Justice. |
| 04/05/2002 | 60 | Defendant sentenced to 5 (Five) Years - 5 Years 1 (One) day |
| 04/05/2002 | 60 | Concurrent with 2000-464. Peter Agnes, Justice |
| 04/05/2002 | 61 | Victim-witness fee assessed: $120.00 and $150.00 Drug Assessment. |
| 04/05/2002 | 62 | Deft files Notice of Appeal. Filed in Court |
| 04/05/2002 | 63 | Motion by Deft: for Stay of Execution Pending Appeal & After hearing |
| 04/05/2002 | 63 | DENIED. Agnes, J. j |
| 04/05/2002 | 64 | Juror Cards & Questionaires |
| 04/05/2002 | 65 | Exhibits returned to Law Enforcement Officer, Agency AO A |
| 04/05/2002 |  | Sentence credit given as per 279:33A: 822 days (Eight Hundred Twenty |
| 04/05/2002 |  | Two) |
| 04/05/2002 | 66 | Abstract sent to RMV |
| 04/08/2002 | 67 | Court Reporter Gordon, Kathleen A. is hereby notified to prepare one |
| 04/08/2002 | 67 | copy of the transcript of the evidence of November 20, 2000 Motion to |
| 04/08/2002 | 67 | Dismiss Hearing before Borenstein,J. |
| 04/08/2002 | 68 | Court Reporter Considine, Karen is hereby notified to prepare one |
| 04/08/2002 | 68 | copy of the transcript of the evidence of April 02 - 5, 2002 before |
| 04/08/2002 | 68 | Agnes,J.. |
| 04/08/2002 | 69 | Court Reporter Craig Federicks is hereby notified to prepare one copy |
| 04/08/2002 | 69 | of the transcript of the evidence of March 08, 2002. |
| 04/16/2002 | 70 | Notice of appeal from sentence to Concord MCI filed by Juan Emilio |
| 04/16/2002 | 70 | Villar-Sanchez |
| 04/16/2002 | 71 | Letter transmited to the Appellate Division. All parties notified |

## Charges

4 Charges for Docket: ESCR2000-00463

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Controlled substnc, conspiracy | ESCR2000-00465 | Nolle prosequi |
| 2 | Traffic in controlled substance, 28-99g | ESCR2000-00463 | Guilty verdict |
| 3 | Controlled substnc, conspiracy | ESCR2000-00466 | Nolle prosequi |
| 4 | Traffic in controlled substance, 100-199g | ESCR2000-00464 | Guilty verdict |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

| Date | # | Entry |
|---|---|---|
| 04/16/2002 | 71 | April 16, 2002 |
| 05/06/2002 | 72 | Motion by Deft: to Proceed in Forma Pauperis & Affidavit in Support of Motion. FILED. |
| 05/06/2002 | 73 | Motion by Deft: to Appoint Appellate Counsel & Affidavit in Support of Motion. FILED |
| 05/06/2002 | 74 | Deft files Request for Docket Entries. (Copies Mailed 5/6/2002). |
| 05/06/2002 | 75 | Motion by Deft: to Revise and Revoke Sentence & Affidavit in Support of Motion, FILED |
| 05/06/2002 | 76 | Deft files Formal Request for Official Court Reporters Business Address. |
| 05/08/2002 |  | Motion (P#72) allowed, notices shall be given to the Committee for Public Counsel Services. (Peter Agnes, Justice). Copies mailed May 10, 2002 |
| 06/10/2002 | 77 | Appearance of Deft's Atty: Peter M Onek |
| 06/12/2002 | 78 | Deft files letter RE: Purchase of Trial Transcripts, Copy to Peter M. Onek. |
| 07/08/2002 | 79 | Drug fee paid as assessed $150.00 |
| 06/23/2003 |  | Transcript of testimony received 1 volume dated 11/20/00 from court reporter, Gordon, Kathleen A. |
| 08/05/2003 |  | Transcript of testimony received 2 volumes dated 4/2-3/02 from court reporter, Considine, Karen |
| 08/08/2003 |  | Notice of Assignment of Counsel #C8001373-2 pf Charles Stephenson. |
| 08/13/2003 | 80 | Appearance of Deft's Atty: Charles K Stephenson |
| 09/04/2003 | 81 | Motion by Deft: for funds to retain an Interpreter. FILED- Copy to Bohn, J on 9/15/2003). |
| 09/16/2003 | 82 | Motion #81- ALLOWED ($600.00(Six Hundred Dollars).Robert H. Bohn, Justice, Essex Superior Court. (Copy sent to Atty. Stephenson.) |
| 09/18/2003 |  | Transcript of testimony received 2 volumes dated 4/4 & 5/02 from court reporter, Considine, Karen |
| 10/03/2003 | 83 | SECOND NOTICE: Court Reporter Craig Fredericks is hereby notified to prepare one copy of the transcript of the evidence of March 08, 2002. |
| 02/25/2004 |  | Transcript of testimony received 1 volume from court reporter, Fredericks, Craig |
| 02/25/2004 | 84 | Delivery of transcript by clerk to Printers. |
| 04/07/2004 | 85 | Certificate of delivery of transcript to District Attorneys Office and to Charles Stephenson, Esq. |
| 09/08/2004 | 86 | Notice of assembly of record; mailed to Appeals Court per Rule 9(d) |
| 09/08/2004 |  | Notice of completion of assembly of record sent to clerk of Appeals Court and attorneys for the Commonwealth and defendant. |
| 09/13/2004 | 87 | Notice of Entry of appeal received from the Appeals Court Dated 9/10/2004. |