United States District Court
District of Massachusetts
First Circuit
Action: 04-11811-NMG

Juan Villar-Sanchez, Pet.
-vs-
Joseph McDonough, Res

Motion of Opposition
to ~~Respondent~~
~~Motion to Dismiss~~

Dated: 9-20-04

J.O.S.

Now Comes Forth, the petitioner Juan Villar-Sanchez, who respectfully moves this Honorable Court to Dismiss the respondents claims. In the alternum the petitioner will provide facts to this Court to substantiate his methods of matter. The petitioner offers the following set reasons to support

Pg 2 (cont)

his legalese;

1. The respondent states in his motion to dismiss, that the petitioner herein recognized as (peti.), has failed to state a claim upon which relief can be granted, as per the Fed. R. Civ. P. 12(b)(6), this in context is false as per the mere filing of 28 U.S.C.A. sect. 2254 is the ground sought, as e.g. the relief to which the claim can be granted, [Immediate Release], In addition it is further stated that the petitioner (peti.) has failed to exhaust

→

Pg 3 (cont)

(1. Cont)-
all his state remedies as per 28 U.S.C.A. sect. 2254 (b)(1)(a), however in matters of severe Constitutional violations or a conviction riddled with case enfirmities that shake the very basis of our rights, jurisdiction lies within the Constitutional realms of the Federal Courts. Not saying that State Courts are lesser knowledgable, it is just that this is an immediate recourse, because the questions to be raised are Federal Constitutionality questions of

Pg 4 (Cont)

(1. Con)
law. And this offers the peti. immediate recourse, instead of being placed in waiting, for the myriad of obstacles offered up by the appeals' system.

2. With regard to this matter the petitioner states his conviction is riddled with holes, and could never be upheld by any prong tests offered up. The charges are based on constitutional deficiencies and violations to the peti. rights. The case and reports doesn't support trafficking but yet the

→

Pg 5 (Cont)

(2. Cont)
peti. to convicted of being hands on. The petitioner offers that he should be allowed to address this Honorable Court and speak to the Court and or counsel with regard to the case at hand.

3. The peti. asserts that the respondants motion to dismiss contradicts itself with the Memorandum of Law. This is not an ordinary case, and in light of the fact that circumstances warrant the circumvention of state remedies, the Motion should be

→

(3. cont.)

granted, and the respondents motion denied.

4. At the time of filing there where no indications of appeal, the matter of that was raised as a pro-se motion to appeal of behalf of the M.C.I. Concord, and counsel, however new information as to appeal was added after the docketing of this action. The contention of the respondent is to show that this was known, however a mire check of the

→

(4. Cont)

Pg 7 (Cont)

dates shall prove otherwise.

### Conclusion

Wherefore based on this opposition it is prayed that this Court, dismiss the respondents Motion to Dismiss, and move forward with action showed herein and in the original filing of Immediate Release, and any other actions deemed fit

It is prayed that the relief sought is granted.

Signed and deposed this 20th day, In the filed month of September, In the 2004th Year of our Lord.

Affirmed; Juan Villar Sanchez
Juan Villar-Sanchez

## CERTIFICATE OF SERVICE

I, Juan Villar-Sanchez, hereby certify that I have this day served the foregoing Motion to Dismiss Respondents Motion to Dismiss or in alternum Opposition by mailing, first class, postage pre-paid, copies of same to United States District Court, One Courthouse Way Suite 2300, Boston Ma 02210 Magistrates Office

Dated: 9-20-04

Juan Villar-Sanchez, Pro Se