COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

04-P-1245

COMMONWEALTH

vs.

JUAN EMILIO VILLAR-SANCHEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

An Essex County grand jury indicted Juan Emilio Villar-Sanchez, the defendant, for trafficking in twenty-eight grams or more of cocaine on December 21, 1999, and trafficking in one hundred grams or more of cocaine on January 4, 2000.

After a trial, a jury returned convictions on both indictments. The defendant was sentenced to State prison from ten years to ten years and one day on the conviction of trafficking in one hundred grams of cocaine, and to a concurrent sentence of from five years to five years and one day on the remaining conviction.

The defendant appeals, claiming that the trial judge abused his discretion in denying a motion for mistrial made during trial after a prosecution witness made statements which might indicate that, prior to the investigation resulting in the present indictments, the defendant was known to the police as a drug dealer. The defendant also claims abuse of discretion in the trial judge's denial of his request for an instruction on cross-racial identification, where identification was central to the

torn and some powder lost, approximately 112 grams were analyzed by the State lab and determined to be cocaine.

After the two men were arrested, Trooper Alejandro called the defendant, claiming that the two men had never arrived at the meeting. The defendant told Trooper Alejandro that he was at a certain restaurant. Trooper Alejandro and other officers went to the restaurant, and, with Trooper Alejandro remaining out of sight in a vehicle, the officers brought several men, one at a time, out of the restaurant. It was after dark, but the area was lit by street lamps. Trooper Alejandro identified the sixth or seventh man as the defendant, who was then arrested. There was no record that any narcotics, suspicious sums of money, or a cellular telephone were recovered from the defendant when he was apprehended.

In the meantime, armed with a warrant obtained in anticipation of the transaction, Trooper O'Neil led police officers on a search of the High Street apartment that Trooper Alejandro had visited. The officers found several photographs of the defendant, utility bills addressed to the defendant, and a small scale. No narcotics, currency, or transaction records were recovered.

At trial, the prosecution's case depended wholly on the testimony of Trooper O'Neil and, in particular, Trooper Alejandro, who alone claimed to have interacted with the

3

in the two indictments," "any answers that [the judge] excluded or told [the jurors] to disregard" are not evidence, and the jurors are required to follow the judge's instructions, "whether [they] agree with them or not." In addition, the prosecutor did not mention the comment in his closing. There was no error.

The defendant also claims error in the trial judge declining to instruct on "cross-racial identification" where one of the officers who identified the defendant, Trooper O'Neil, "was a Caucasian identifying an Hispanic suspect." The ruling was well within the trial judge's discretion. The defendant made no showing that his race (as opposed to his ethnicity) differed from that of the officer, and presented no empirical evidence assessing the reliability of identifications in circumstances similar to the case at hand. Trooper O'Neil had ample time to observe the suspect during multiple periods. Most importantly here, the defendant was also identified by a second, Hispanic officer who had spent time in close proximity to the defendant. Further, the jurors were generally instructed on the parameters of witness identification.

The Supreme Judicial Court has stated that judges may, in their discretion, instruct jurors that, in assessing eyewitness testimony, "they may consider the fact of any cross-racial identification and whether the identification by a person of different race from the defendant may be less reliable than

5

defendant's apartment, if a photograph found therein was a picture of the defendant. The defendant also argued, more generally, that neither officer was credible.

There was no abuse of discretion in the trial judge declining to give an instruction on cross-racial or cross-ethnic identification.

<u>Judgments affirmed</u>.

By the Court (Gelinas, Cypher & Trainor, JJ.),

Clerk

Entered: August 3, 2005.

7